UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLI JO H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:20-CV-5130-DWC

ORDER

## I.    INTRODUCTION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's applications for disability insurance and social security income benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by rejecting Plaintiff's testimony regarding the severity of some of her symptoms, the opinions of treating psychologist Karen Hye, Psy.D., and the opinions of treating doctor

Christine Macatuno, M.D. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Order.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance and supplemental security income benefits in August 2017, alleging disability as of June 30, 2015. *See* Dkt. 14, Admin. Record ("AR"), 65–66, 79–80, 201–02. The applications were denied on initial administrative review, and on reconsideration. *See* AR 63–122. A hearing was held before ALJ Lawrence Lee on December 13, 2018. *See* AR 996–1033. In a decision dated January 18, 2019, ALJ Lee determined Plaintiff to be not disabled. *See* AR 25–39. The Appeals Council denied review. *See* AR 1–4.

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul,* 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

## IV.     DISCUSSION

**A.     Whether the ALJ Reasonably Discounted Plaintiff's Testimony**

Plaintiff contends the ALJ failed to give clear and convincing reasons for discounting Plaintiff's symptom testimony. *See* Dkt. 15, pp. 9–16. Plaintiff testified she had back surgery in 2013, which stabilized her spine but did not improve nerve pain in her legs. AR 1004–05. She reported she cannot sit or stand for more than 10–15 minutes at a time, or walk for more than a few minutes. AR 257, 262. She testified she had migraines, which improved with Botox treatment, but she still gets 10–15 per month. *See* AR 257, 266, 1006. She testified she can

1  handle most of her personal care, but needs help drying her hair. *See* AR 258, 264, 1007.

2  Plaintiff testified she has difficulty leaving her home, spending most of her time alone or with

3  family that lives with her. *See* AR 257, 264, 1011, 1015. She testified she has to self-catheterize

4  when going to the bathroom, which she does five to six times per day. AR 1020. She testified it

5  takes ten minutes each time. AR 1021. Plaintiff testified she has trouble eating in public due to

6  gastroparesis, which can cause her to vomit in the middle of a meal. AR 1022. Plaintiff testified

7  she has trouble concentrating and remembering. AR 260, 262, 1024–25.

8        The Ninth Circuit has "established a two-step analysis for determining the extent to

9  which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664,

10 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective

11 medical evidence of an impairment that "'could reasonably be expected to produce the pain or

12 other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir.

13 2014)). At this stage, the claimant need only show the impairment could reasonably have caused

14 some degree of the symptoms; she does not have to show the impairment could reasonably be

15 expected to cause the severity of the symptoms alleged. *Id.* The ALJ found Plaintiff met this first

16 step. *See* AR 31.

17       If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ

18 may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for

19 doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*,

20 759 F.3d at 1014–15). In evaluating the ALJ's determination at this step, the Court may not

21 substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As

22 long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of

23

24

the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ rejected Plaintiff's testimony regarding the severity of her impairments. *See* AR 31–32. The ALJ separately analyzed Plaintiff's testimony regarding her bladder issues, gastroparesis, fibromyalgia and musculoskeletal issues, migraines, right shoulder pain, and mental impairments. *See* AR 32–35. The Court will follow suit and separately address the ALJ's analysis of each symptom source.

### 1. The ALJ Erred in Rejecting Plaintiff's Testimony Regarding Bladder Issues

The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her bladder symptoms. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the claimant's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ summarized the medical evidence and noted Plaintiff was able to independently self-catheterize. *See* AR 32. But the ALJ did not explain with specificity how any of this was inconsistent with Plaintiff's testimony. *See id.* The ALJ therefore erred. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding error where the ALJ did not identify specific inconsistencies but "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination").

### 2. The ALJ Erred in Rejecting Plaintiff's Testimony Regarding Gastroparesis

The ALJ similarly erred in rejecting Plaintiff's testimony regarding the severity of her symptoms from gastroparesis. The ALJ noted Plaintiff takes medication for this condition, and has maintained a relatively stable weight. *See* AR 32. But that evidence does not contradict

Plaintiff's testimony that she may have to vomit in the middle of eating a meal. The record does not establish clear work limitations from this condition, but the ALJ failed to adequately address Plaintiff's testimony, and thus erred.

### 3. The ALJ Erred in Rejecting Plaintiff's Testimony Regarding Fibromyalgia and Musculoskeletal Issues

The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her symptoms from fibromyalgia and musculoskeletal issues. Fibromyalgia is an "unusual" disease for which "there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain. The condition is diagnosed entirely on the basis of the patients' reports of pain and other symptoms." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal citations and quotation marks omitted). The ALJ here noted Plaintiff had normal findings such as muscle bulk and tone, gait, coordination, and sensation. *See* AR 33. These finding are not inconsistent with fibromyalgia, nor is the record as uniform as the ALJ suggested. The records to which the ALJ cited note tenderness to palpation and difficulty with tandem gait, findings more relevant to Plaintiff's claimed symptoms than findings such as normal muscle tone. *See e.g.*, AR 531, 566, 607, 616, 654. The ALJ is responsible for resolving conflicts in the medical evidence, but must consider specific findings in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The ALJ failed to adequately explain how he did so here, and erred in rejecting Plaintiff's fibromyalgia and musculoskeletal symptom testimony as inconsistent with the medical evidence.

The ALJ also noted Plaintiff had "multiple abnormal drug screens, which were negative for prescribed medications and/or positive for oxycodone." AR 33. The ALJ did not make any conclusions regarding these facts, though, and thus did not provide a clear and convincing reason to reject Plaintiff's symptom testimony here.

1     4.    <u>The ALJ Did Not Err in Rejecting Plaintiff's Testimony Regarding Migraines</u>

2     The ALJ did not err in rejecting Plaintiff's testimony regarding the severity of her

3 symptoms from migraines. Contrary to Plaintiff's testimony, the medical evidence to which the

4 ALJ cited indicates Plaintiff's migraine symptoms improved significantly with treatment. *See*

5 AR 33. In particular, providers noted Plaintiff had a 50 percent reduction in frequency and

6 severity of her migraines after Botox injections, decreasing from more than 15 per month down

7 to around three per month at half the pain intensity. *See* AR 957, 982. This evidence contradicts

8 Plaintiff's testimony that she gets 10–15 migraines even after Botox treatment, so the ALJ did

9 not err in rejecting Plaintiff's testimony regarding the severity and frequency of her migraines.

10     5.    <u>The ALJ Erred in Rejecting Plaintiff's Testimony Regarding Right Shoulder Pain</u>

11     The ALJ erred in rejecting Plaintiff's testimony regarding her right shoulder symptoms.

12 The ALJ summarized several medical records, but did not explain how those contradicted

13 Plaintiff's testimony. *See* AR 33. Nor is any contradiction obvious on examination of the records

14 to which the ALJ cited, as those records generally document tenderness, decreased range of

15 motion, and test results indicative of shoulder problems. *See* AR 929, 969. The ALJ thus erred in

16 rejecting Plaintiff's right shoulder symptom testimony.

17     6.    <u>The ALJ Erred in Rejecting Plaintiff's Testimony Regarding Mental Impairments</u>

18     The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her mental

19 impairments. The ALJ reasoned Plaintiff did not seek mental health therapy until early 2017, and

20 "treatment records do not document further therapy appointments/evaluations after late 2017."

21 AR 34. However, as Defendant concedes, Plaintiff's psychologist, Dr. Hye, submitted a letter to

22 the Appeals Council stating she saw Plaintiff 40 times between June 1, 2017, and April 19, 2019.

23 *See* AR 10. When additional evidence is submitted for the first time to the Appeals Council, the

24

Court must consider whether the ALJ's decision remains supported by substantial evidence in light of the new evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Dr. Hye's letter undermines the ALJ's finding that Plaintiff did not receive additional treatment for her mental impairments, and thus the ALJ erred in rejecting Plaintiff's testimony based on that finding.

Although the ALJ pointed to other medical evidence to suggest Plaintiff's symptoms were not as severe as alleged, the fact that he did not have documentation of treatment notes from at least 40 visits indicates he did not have the full picture of Plaintiff's condition. The ALJ must consider the entirety of Plaintiff's condition when evaluating the medical evidence, and he did not have adequate information to do that here. *See Attmore*, 827 F.3d at 877. The ALJ thus erred in rejecting Plaintiff's mental symptom testimony as inconsistent with the medical evidence.

The ALJ also erred in rejecting Plaintiff's testimony regarding the severity of her mental impairments as inconsistent with her traveling to California for a funeral. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ reasoned Plaintiff "testified that she flew alone to Los Angeles, California for 10 days where she was dropped off and picked up by family members, indicating she is able to move about outside the house and get tasks done when necessary." AR 35. That Plaintiff flew to a funeral on a single occasion and interacted with family members does not contradict her testimony that she had difficulty leaving her house and spent most of her time alone or with other family members. "One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th

Cir. 2001) (quoting *Fair*, 885 F.2d at 603). The ALJ failed to show a clear conflict between Plaintiff's testimony and her activities, and thus erred in rejecting Plaintiff's testimony regarding the severity of her mental health symptoms.

In sum, the ALJ failed to give clear and convincing reasons to reject Plaintiff's testimony regarding the severity of her symptoms from bladder issues, gastroparesis, fibromyalgia and musculoskeletal issues, right shoulder issues, and mental impairments. The ALJ gave adequate reasons for rejecting Plaintiff's testimony regarding the severity of her migraine symptoms.

**B.     Whether the ALJ Reasonably Evaluated the Medical Evidence**

Plaintiff contends the ALJ erred by rejecting the opinions of treating providers Dr. Hye and Dr. Macatuno. *See* Dkt. 15, pp. 2–13. The regulations regarding evaluation of medical evidence have been amended for claims protectively filed after March 27, 2017. 20 C.F.R. §§ 404.152c(c), 416.920c(c). As Plaintiff filed her claims in August 2017, the new regulations apply to Plaintiff's claims. *See* AR 65, 79, 201–02.

The new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules"), 82 Fed. Reg. 5844, 5867–68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the key factors. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate

how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he/she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The parties dispute whether current Ninth Circuit law applies to claims filed after March 27, 2017, given the new regulations. *See* Dkt. 15, 18–19. The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require, in the absence of a hierarchy, an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). This appears, at the least, to require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the

persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* Revisions to Rules, 82 Fed. Reg. 5844, at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Consistent with the above considerations, this Court will apply the new regulations, consistent with Ninth Circuit law, in determining whether the ALJ's decision is free of legal error and supported by substantial evidence.

### 1. The ALJ Erred in Rejecting Dr. Hye's Opinions

Dr. Hye was Plaintiff's treating psychologist. *See* AR 841–53. Dr. Hye drafted a letter, dated December 7, 2017, outlining Plaintiff's conditions. *See* AR 843–44. Dr. Hye noted Plaintiff reported significant physical symptoms, which manifested in her inability to sit still for long periods during counseling sessions. AR 843. Dr. Hye stated Plaintiff "reports and demonstrates issues with confusion." *Id.* Dr. Hye noted Plaintiff has issues with attention, concentration, and memory. *Id.* She noted Plaintiff has trouble leaving her house due to agoraphobia and fear of panic attacks. AR 844.

Dr. Hye also completed a medical source statement. *See* AR 845–47. She opined Plaintiff had limitations in multiple areas of understanding and memory, and sustained concentration and persistence. AR 845. Dr. Hye opined Plaintiff had little to no limitations in social interaction, but mild to marked limitations in adaptation. AR 846.

Dr. Hye completed a form in October 2018 stating Plaintiff's symptoms remained unchanged despite her trial on a new medication. AR 841–42.

1    The ALJ found Dr. Hye's opinions not persuasive. AR 36. The ALJ reasoned Dr. Hye's
2 opinions were undermined by the fact she only saw Plaintiff for limited follow-up mental health
3 treatment. *Id.* The ALJ reasoned Dr. Hye's opinions were inconsistent with the overall medical
4 record and that Dr. Hye relied too heavily on Plaintiff's self-reports. *Id.*
5    The ALJ erred in rejecting Dr. Hye's opinions. As discussed above, the ALJ's finding
6 that Plaintiff received only limited follow-up treatment was undermined by Dr. Hye's letter to
7 the Appeals Council. *See* AR 10. That letter also undermined the ALJ's finding that Dr. Hye's
8 opinions were inconsistent with the medical evidence because the ALJ did not have a full picture
9 of Plaintiff's medical records on which he could reasonably reach that conclusion.
10    Because the ALJ did not have the full picture of the medical evidence, his finding that Dr.
11 Hye relied heavily on Plaintiff's self-reports—rather than the medical evidence—is also not
12 supported by substantial evidence. An ALJ may reject a treating doctor's opinions if they "are
13 based 'to a large extent' on an applicant's self-reports and not on clinical evidence." *Ghanim v.*
14 *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti*, 533 F.3d at 1041). "However,
15 when an opinion is not more heavily based on a patient's self-reports than on clinical
16 observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162
17 (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008)). Because the
18 ALJ failed to adequately address the medical evidence, the Court cannot determine whether the
19 ALJ reasonably found Dr. Hye relied on Plaintiff's self-reports over the medical evidence. The
20 ALJ therefore harmfully erred in rejecting Dr. Hye's opinions.
21         2.   The ALJ Erred in Rejecting Dr. Macatuno's Opinions
22    Dr. Macatuno was Plaintiff's primary care provider. *See* AR 630–34, 637–41, 650–55,
23 682–87, 692–97, 716–21, 723–28, 765–69, 805–14, 926–30, 938–42, 953–57. Dr. Macatuno
24

1    cosigned an opinion report from Alika Antone, D.P.T., Plaintiff's physical therapist. *See* AR
2    854–61; *see also* AR 862–69. Ms. Antone opined Plaintiff could lift 10 pounds for up to one
3    third of an eight-hour workday, and less than 10 pounds for one third to two thirds of the day.
4    AR 855. Ms. Antone opined Plaintiff could stand and walk for one hour in an eight-hour
5    workday. *Id.* She opined Plaintiff could sit for a total of four hours, but needed to alternate
6    among sitting, standing, and walking every 10–15 minutes. AR 855–56. Ms. Antone opined
7    Plaintiff had postural, manipulative, and environmental restrictions. *See* AR 857–58. She opined
8    Plaintiff would be absent from work more than three times per month. AR 858. Dr. Macatuno
9    concurred with all of these opinions. *See* AR 861.
10       Dr. Macatuno completed a form in November 2018 stating Plaintiff's symptoms
11   remained unchanged. AR 870–71.
12       The ALJ found Dr. Macatuno's opinions not persuasive. AR 36. The ALJ reasoned Dr.
13   Macatuno did not provide an explanation for her concurrence with Ms. Antone's opinions. AR
14   35. The ALJ reasoned Dr. Macatuno and Ms. Antone's opinions were inconsistent with
15   Plaintiff's treatment records. AR 35–36. The ALJ reasoned Dr. Macatuno and Ms. Antone relied
16   too heavily on Plaintiff's self-reports. AR 36. The ALJ reasoned the providers' opinions were
17   inconsistent with Plaintiff's reported independence in her activities of daily living. *Id.*
18       The ALJ erred in rejecting Dr. Macatuno's opinions. Dr. Macatuno saw Plaintiff on many
19   occasions, and her own records could provide an explanation for her opinions. *See Garrison*, 759
20   F.3d at 1013 (holding the ALJ erred in rejecting treating doctor's opinions as unexplained while
21   ignored doctor's treatment records). Furthermore, as discussed above with respect to Plaintiff's
22   testimony, the ALJ erred in evaluating the medical evidence regarding Plaintiff's physical issues.
23   *See supra* Part IV.A.3, 5. Because the ALJ misevaluated that evidence, his finding that Dr.
24

Macatuno's opinions were unexplained and inconsistent with Plaintiff's treatment records was not supported by substantial evidence.

The ALJ further erred in rejecting Dr. Macatuno's opinions as too heavily reliant on Plaintiff's self-reports. As with the ALJ's evaluation of Dr. Hye's opinions, the ALJ's failure to properly evaluate the medical evidence means the Court cannot determine whether the ALJ reasonably found Dr. Macatuno relied on Plaintiff's self-reports instead of the medical evidence.

Finally, the ALJ erred in rejecting Dr. Macatuno's opinions as inconsistent with Plaintiff's activities of daily living. The ALJ gave no explanation as to what activities contradicted Dr. Macatuno's opinions. An ALJ errs when he rejects a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). That Plaintiff could live independently does not contradict Dr. Macatuno's opinions that Plaintiff had exertional, postural, manipulative, and environmental limitations. The ALJ consequently erred in rejecting Dr. Macatuno's opinions.

### C. Whether the ALJ Reasonably Evaluated Plaintiff's RFC

Plaintiff argues the ALJ erred by failing to account for Plaintiff's alleged urinary dysfunction in the RFC. *See* Dkt. 15, pp. 16–17. Because the Court has found the ALJ erred in rejecting Plaintiff's symptom testimony, among other things, Plaintiff's argument succeeds. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding ALJ's RFC assessment and step five determination were not supported by substantial evidence where RFC and hypotheticals to vocational expert failed to include all of the claimant's impairments). The ALJ erred in assessing Plaintiff's RFC.

**D.     Scope of Remand**

Plaintiff asks the Court to remand this matter for further administrative proceedings. *See* Dkt. 15, pp. 17–18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees remand for further proceedings is the appropriate remedy.

On remand, the ALJ shall reevaluate Plaintiff's testimony, Dr. Hye's opinions, and Dr. Macatuno's opinions. The ALJ shall reassess Plaintiff's RFC, and all other relevant steps of the disability evaluation. The ALJ shall conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

V.     CONCLUSION

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 16th day of March, 2021.

David W. Christel
United States Magistrate Judge